## ALICE COOMBS *vs.* ELIJAH R. READ.

Personal property bought in another state by a woman married there and removing into this state with her husband before the passage of *St.* 1857, *c.* 249, out of the proceeds of notes owned by her at the time of her marriage, and never reduced to possession by her husband; as well as personal property acquired in like manner in this state before the passage of the same statute; and personal property acquired in this state after the passage of the statute, in part by an exchange of property acquired in the other state as before stated, and in part by a payment of money out of the proceeds of the same notes; is liable to attachment in this state for the debts of her husband, in the absence of evidence of any law of the state in which the marriage took place, adding to the rights of married women at common law to hold personal property.

ACTION OF TORT against a deputy sheriff for the conversion of two cows and a horse attached by him on mesne process against the plaintiff's husband on a debt due in May 1858. The parties submitted the case to the judgment of the court upon the following facts:

The plaintiff and her husband on the 1st of January 1856 were married in Rhode Island, where they resided, and the plaintiff afterwards bought two cows and a horse with money collected by her on notes due her at the time of the marriage, and which never came into her husband's hands or possession. The plaintiff and her husband continued to live together as man and wife in Rhode Island until the 1st of April 1857, when they removed to Attleborough in this commonwealth, bringing the cows and horse with them, and have since lived together here. In September 1857, at Attleborough, she exchanged the horse, paying ten dollars in the exchange, for another, which was the horse attached by the defendant. In the spring of 1857 she bought another cow in Attleborough, which, with one of those brought from Rhode Island, were the two cows attached by the defendant. All of the property was bought by the plaintiff alone, and with money belonging to herself alone, and which she never allowed her husband to have in his possession or control.

*C. I. Reed*, for the plaintiff.

*J. Daggett*, for the defendant.

DEWEY, J.   There is nothing in this case to show that the plaintiff had by virtue of the laws of Rhode Island any greater interest in the property brought from that state to Massachusetts, on her change of domicil to the latter state, than existed under the common law.   By the common law, marriage operates as an absolute gift to the husband of all the personal chattels which are in possession of and owned by the wife at the time of her marriage.   The husband has also the like interest in all personal chattels which come to the wife in her own right during coverture.   Clancy on Husband & Wife, 2.   As to choses in action held by her under like circumstances, a different rule of law existed, and the right of the husband was a more qualified one, requiring him to reduce the same to possession by collecting them, if he would enjoy them as absolutely his.   At common law, it does not affect the absolute ownership of personal chattels acquired by the wife during coverture, that they were purchased with her money, or money received by her upon notes held by her in her own name and not reduced to possession by her husband.   When she becomes the owner of personal chattels, such chattels vest absolutely in her husband, without any act of reduction to possession as his property.   Such personal chattels, like those acquired by himself by his labor or money, are his, and attachable as his property.

It was under this state of the ownership of this property, so far as they or either of them held the same at that time, that the plaintiff and her husband became residents of Massachusetts on the 1st of April 1857.   The *St.* of 1857, *c.* 249, took effect subsequently; but she acquired no new right as to this particular property by virtue of that act.

Subsequently to their removal to this state, in the early part of the year 1857, and before the *St.* of 1857, *c.* 249, took effect, the plaintiff purchased a second cow.   But, as already stated, upon the purchase of a personal chattel by the wife, the property vested absolutely in her husband by the common law.

The horse, now the subject of controversy between the parties, was acquired by an exchange of the horse brought from Rhode Island, which exchange was made by the act of the

wife, she paying ten dollars in the exchange, from money belonging to herself, and which had not been in her husband's possession or control. As this transaction was after the *St.* of 1857, *c.* 249, had gone into effect, if the horse then purchased had been purchased wholly by her money, the question would have properly arisen, whether under that statute this horse would not have been her separate property, and exempt from attachment by her husband's creditors. But in our opinion that case does not arise upon the facts. This horse was acquired by an exchange of a horse which was her husband's, and as such liable to attachment. We must assume that the principal value paid in exchange was the horse of the husband, and that it was not intended by the exchange to defraud creditors. The husband should, under these circumstances, be considered as having an attachable interest in the horse received in exchange.

*Judgment for the defendant.*